Mansfield State College et al., Appellants *v.* Ruth H. Kovich, Appellee.

Argued June 8, 1979, before Judges BLATT, DiSALLE and CRAIG, sitting as a panel of three.

*Joseph L. McCann*, Deputy Attorney General, with him *C. Glendon Frank*, Assistant Attorney General, and *Patricia A. Donovan*, Deputy Attorney General, for appellants.

*Ambrose R. Campana*, with him *Campana & Campana*, for appellee.

OPINION BY JUDGE BLATT, October 11, 1979:

The appellee, Ruth H. Kovich, filed a complaint with the Pennsylvania Human Relations Commission

(Commission), in which she alleged sex discrimination in employment against Mansfield State College (College) and against its president, its past president and its Board of Trustees (individual defendants). When the Commission was unable to resolve the case within one year of the filing date, it informed the appellee of her right to institute an action in the appropriate court of common pleas, pursuant to Section 12(c) of the Pennsylvania Human Relations Act[1] (Human Relations Act). She then filed a complaint in the Court of Common Pleas in Tioga County. To this complaint the College and the individual defendants filed preliminary objections challenging the jurisdiction of that court, and, when these objections were overruled, the College and the individual defendants appealed here.

The College and the individual defendants argue that Section 5110 of the Judicial Code, 42 Pa. C.S. §5110 (Act 152) bars the present action. This statute was enacted in response to the Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) which abrogated sovereign immunity in the Commonwealth, and it specifically reaffirms and preserves the immunity of the state from suit except in eight delineated categories. We believe, however, that neither the decision in *Mayle, supra,* nor the subsequent enactment of Act 152 has any effect on the appellee's cause of action here under the Human Relations Act.

The Human Relations Act affords the appellee a private right of enforcement against her employer for alleged discriminatory practices. She is a public employee, of course, but the legislature obviously meant to allow an aggrieved public employee to bring

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, added by Section 6 of the Act of December 19, 1974, P.L. 966, 43 P.S. §962(c).

an action against his or her employer, the Commonwealth, for it included the Commonwealth under the term "employer" in Section 2 of the Act, 43 P.S. §954. The appellee's claim therefore is not one sounding in trespass and thereby affected by Act 152, the recent enactment as to sovereign immunity, but rather it is a statutorily created cause of action against the Commonwealth as an "employer," not the Commonwealth as a sovereign entity.

It should be noted also that Section 4 of Act 152, which addresses the subject of repeals effected by the reinstatement of sovereign immunity, refers only to Section 5.2 of the Human Relations Act. Section 12 of the Human Relations Act, under which the appellee is here proceeding is not mentioned. We must therefore conclude that Section 12 has not been repealed by the enactment of Act 152.

As to the College's argument that the court of common pleas lacks jurisdiction over it because the Commonwealth Court has exclusive jurisdiction over actions brought against the Commonwealth or its agencies, 42 Pa. C.S. §761, we note that the Human Relations Act is clearly applicable to the College and specifically permits a complainant to bring an action in the court of common pleas.

The order of the court of common pleas will be affirmed.

ORDER

AND Now, this 11th day of October, 1979, the order of the Court of Common Pleas of Tioga County overruling the preliminary objections of Mansfield State College et al. is hereby affirmed.