**Richard DILL, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA, Department of Public Welfare, Philadelphia County Assistance Office, et al., Defendants.**

No. CIV. A. 97–3850.

United States District Court, E.D. Pennsylvania.

March 23, 1998.

---

Marshall L. Williams, Philadelphia, PA, for Plaintiff.

Claudia M. Tesoro, Office of Attorney General, Philadelphia, PA, for Defendants.

## MEMORANDUM

KATZ, District Judge.

### Factual Background

Plaintiff Richard Dill is an African American male who was employed by the Commonwealth of Pennsylvania Department of Public Welfare (DPW) from September, 1976 until he resigned in November, 1984. Comp. ¶¶ 9, 12. During his employment, Mr. Dill served as a union representative who on numerous occasions represented fellow employees against management to enforce the union-negotiated contract. In this capacity, plaintiff participated in negotiations, strikes, stop work orders, and walkouts. Comp. ¶¶ 13, 14. In November, 1995, plaintiff applied for reinstatement to DPW. His application was denied, and the reason given was plaintiff's poor performance and attendance records during his prior DPW employment. Comp. ¶¶ 16, 17, 19. Plaintiff asserts that these reasons were pretextual, and the actual reasons for the denial of his reinstatement were his race and/or retaliation for his having engaged in protected activities. Comp. ¶¶ 18, 21.

In his amended complaint, plaintiff alleges violations of Title VII for disparate treatment and retaliation (Count I), 42 U.S.C. §§ 1981 and 1983 (Counts II and III), the Pennsylvania Human Relations Act (Count IV), and the Pennsylvania Public Employee Relations Act (Count V) against DPW and the DPW Philadelphia County Assistance Office's Director of Personnel Services, James L. Mulvaney. In the present motion to dismiss, defendants make several arguments for dismissal under Federal Rule of Civil Procedure 12(b)(1) for Eleventh Amendment immunity, Rule 12(b)(5) for insufficient service, and Rule 12(b)(6) for failure to state a claim, each of which will be discussed in turn below.

### Improper Service

Under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court chooses not to dismiss the complaint in its entirety under Rule 12(b)(5), and instead will consider the substantive arguments for dismissal.

### Count I: Title VII Claim

#### Applicable Legal Standard

For the purposes of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court must accept as true all the allegations of fact in plaintiff's complaint, must construe the complaint in the light most favorable to plaintiff, and must determine whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). The court does not inquire as to whether plaintiff will ultimately prevail, only whether he is allowed to present evidence to support their claims. The motion to dismiss should be granted only if it appears that the plaintiff could prove no set of facts that would entitle him to relief. *See id.*

#### Claim Against Individual Employee

Defendants argue that the Title VII claim against defendant Mulvaney should be dismissed, because individual employees cannot be held liable under Title VII. This argument is correct, and Count I is accordingly dismissed as against Mulvaney. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077–78 (3d Cir.1996) (reviewing Title VII's provisions defining "employer" and decisions and reasoning from other circuits, and stating that the court is "persuaded that Congress did not intend to hold individual employees liable under Title VII"),

*cert. denied,* —— U.S. ——, 117 S.Ct. 2532, 138 L.Ed.2d 1031 (1997).

*Retaliation Claim*

■ Defendants next argue that the retaliation portion of plaintiff's Title VII claim fails as a matter of law because plaintiff did not engage in protected activity within the meaning of the statute. Title VII makes it an unlawful employment practice for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To make out a prima facie claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) that he engaged in conduct protected by Title VII; (2) that the employer took adverse action against him; and (3) that there is a causal connection between his protected conduct and the subsequent adverse action. *See Kachmar v. SunGard Data Systems, Inc.,* 109 F.3d 173, 177 (3d Cir.1997).

■ Plaintiff does not allege that he engaged in any conduct protected by Title VII. Dill alleges that as a union representative, he represented fellow employees against management and participated in negotiations, strikes, stop work orders, and walkouts for the purpose of "enforc[ing] the negotiated agreement between the union and the Commonwealth." Comp. ¶ 13, 14. These are not activities protected by Title VII. *See* 42 U.S.C. § 2000e–3(a). Because he cannot state that element, plaintiff cannot state a claim for retaliation under Title VII. Therefore, pursuant to Rule 12(b)(6), to the extent Count I is a claim for retaliation, it is dismissed.

*Eleventh Amendment Immunity*

■ Defendants argue that the remainder of the complaint—asserting claims under 42 U.S.C. §§ 1981 and 1983, the Pennsylvania Human Rights Act (PHRA), and the Pennsylvania Public Employee Relations Act (PERA)—should be dismissed against DPW and Mulvaney in his official capacity, because the Eleventh Amendment immunizes them from suit.[1]

■ Eleventh Amendment immunity extends to entities that are arms of the state. *See Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (holding that the Eleventh Amendment covers "department or agencies of the state having no existence apart from the state"). DPW is clearly a state agency and thus eligible for Eleventh Amendment protection. *See* 71 Pa. Stat. Ann. § 61 (establishing the Department of Public Welfare as an administrative department of the Commonwealth); *Flesch v. Eastern Pennsylvania Psych. Inst.,* 434 F.Supp. 963, 977 (E.D.Pa.1977) (holding that DPW is a part of the Commonwealth and thus subject to its Eleventh Amendment immunity). The Eleventh Amendment also extends to suits for retrospective monetary relief against state officials in their official capacities, and thus protects defendant Mulvaney in his official capacity to the same extent it protects DPW. *See Kentucky v. Graham,* 473 U.S. 159, 169–170, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).[2]

■ There are two ways that a state may lose its Eleventh Amendment immunity: Congress can explicitly abrogate it in a particular statute, or a state can waive it with regard to a particular statute. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("[I]f a

---

1. The Eleventh Amendment provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." The Amendment has long been interpreted to prohibit suits in federal court against a state by the defendant state's own citizens as well. *See Hans v. Louisiana,* 134 U.S. 1, 18, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

2. The exception to the coverage of state officials in their official capacities is when they are sued for prospective injunctive relief. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiff's sole demand here is for retrospective monetary damages, so the exception does not apply.

State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) ("Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts."). For the four statutes involved in this case, neither of those forms of abrogation have occurred; therefore, the state's Eleventh Amendment immunity is intact.

*Count II: § 1981 Claim*

▮▮▮▮▮▮ Plaintiff cannot state a claim under § 1981 against DPW or Mulvaney in his official capacity, because a plaintiff cannot state a claim for damages against a state actor under § 1981. The Supreme Court has plainly held that "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Thus, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Id.* at 733. Therefore, this count is dismissed as against DPW and Mulvaney in his official capacity.

*Count III: § 1983 Claim* [3]

▮▮▮▮▮▮ The Supreme Court has held that Congress did not abrogate the Eleventh Amendment in enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (holding that the stat-ute itself does not include explicit and clear language doing so, nor does its history indicate that intent). The Eleventh Amendment thus bars § 1983 suits against states and state officials. Therefore, the § 1983 claim in Count III is dismissed as against DPW and Mulvaney in his official capacity.[4]

*Counts IV and V: PHRA and PERA Claims*

▮▮▮▮▮▮ Defendants argue that both of plaintiff's state law claims against DPW and Mulvaney in his official capacity are barred by the Eleventh Amendment. This argument is correct, because Pennsylvania has not waived its immunity in the PHRA or the PERA. The Supreme Court has instructed that "[t]he test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one.... Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (emphasis in original).

The Pennsylvania courts have ruled that the PHRA waives the state's sovereign immunity, thus allowing the Commonwealth to be sued under that statute in state court. *See Mansfield State College v. Kovich*, 46 Pa.Cmwlth. 399, 407 A.2d 1387, 1388 (1979). This, however, is not enough to meet the Supreme Court's stringent test for waiver of Eleventh Amendment protections, especially considering that Pennsylvania has by statute specifically withheld its consent to federal suit. *See* 42 Pa. Cons.Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts

---

**3.** Count III is titled as a claim under both § 1983 and § 1988. Defendants argue correctly that § 1988 does not create a cause of action. The § 1988 language in the complaint shall therefore be read not as setting forth a separate cause of action, but as stating a provision under which plaintiff seeks damages for the alleged civil rights violations. In *Hutto v. Finney*, 437 U.S. 678, 688–700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that it does not violate the Eleventh Amendment for states to be sued for attorneys' fees under § 1988 when such fees are

ancillary to prospective injunctive relief; however, because this case is for retrospective monetary relief only, that rule is not applicable. Therefore, the fees could only be assessed against Mulvaney in his individual capacity, as he is the only defendant left on those claims.

**4.** Moreover, DPW, as a state entity, is not a "person" for the purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

**588**

guaranteed by the Eleventh Amendment to the Constitution of the United States."). The Commonwealth's immunity is thus intact, and Dill's suit against it and its officers in their official capacities for monetary damages under the PHRA is barred. Therefore, Count IV is dismissed as to defendant DPW and defendant Mulvaney in his official capacity.

With regard to the PERA, the question is even simpler, because there is no suggestion on the face of the statute, in its legislative history, or in the case law that the Commonwealth has waived its immunity. Instead, the state's general withholding of consent to be sued in federal court applies, *see* 42 Pa. Cons.Stat. Ann. § 8521(b), and the Eleventh Amendment bars the suit against the state. Therefore, Count V is dismissed as to defendant DPW and defendant Mulvaney in his official capacity.

*Conclusion*

After the dismissal of the claims discussed above, this much of the suit remains: in Count I, the Title VII claim for disparate treatment against DPW, and in Counts II–V, the § 1981, § 1983, PHRA, and PERA claims against Mulvaney individually.

### ORDER

**AND NOW**, this 23rd day of March, 1998, upon consideration of defendants' Motion to Dismiss, and the response thereto, it is hereby **ORDERED** that said motion is **GRANTED** in part and **DENIED** in part as follows:

Count I is **DISMISSED** as against defendant Mulvaney, and against defendant DPW to the extent it alleges retaliation;

Counts II, III, IV, and V are **DISMISSED** as against defendant DPW and defendant Mulvaney in his official capacity; and

The remainder of the motion is **DENIED**. It is further **ORDERED** that

Service on all defendants should be effected according to Federal Rule of Civil Procedure 4 forthwith; and

Plaintiff may amend his complaint within ten days of this Order.