

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2000

# Woodwind Estates v. Gretkowski

Precedential or Non-Precedential:

Docket 99-3280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Woodwind Estates v. Gretkowski" (2000). *2000 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 28, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3280

WOODWIND ESTATES, LTD.,

     Appellant

v.

W. J. GRETKOWSKI; LARRY SEBRING;
JAMES DECKER, Individually, and in their capacity as
Supervisors of Stroud Township; W. TAYLOR WENCK;
EDWARD CRAMER; FRANK HERTING;
JOAN KEIPER, Individually, and as members of the
Planning Commission of Stroud Township;
STROUD TOWNSHIP, MONROE COUNTY, PENNSYLVANIA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 97-cv-00472)
District Judge: Honorable James F. McClure, Jr.

Argued December 7, 1999

Before: SLOVITER, ROTH and COWEN, Circuit Judg es

(Filed: February 28, 2000)

       Marshall E. Anders, Esq. (Argued)
       802 Main Street
       Stroudsburg, PA 18360

        Counsel for Appellant

          Eugene F. Hickey, II, Esq. (Argued)
          Schneider, Gelb, Goffer & Hickey
          400 Spruce Street, Suite 500
          Scranton, PA 18503

           Counsel for Appellees

OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal is a civil rights action under 42 U.S.C.S 1983 brought by plaintiff Woodwind Estates, Ltd. (Woodwind) against defendants Stroud Township (the "Township") and individual officers of the Township. The suit emanated from the failure of the Township to approve development plans for specific property. The central issue on appeal is whether the District Court properly granted defendants' motion for judgment as a matter of law on Woodwind's S 1983 substantive due process claim. Because we find that the District Court erred in granting this motion, we will reverse and remand for further proceedings.

Woodwind is a Pennsylvania limited partnership which at all times relevant to this action sought to build a subdivision development on seventy-five acres in Stroud Township, Pennsylvania. In August 1995, Woodwind was awarded approximately $1.1 million in federal low income housing tax credits by the Pennsylvania Housing Finance Agency ("PHFA") for developing an "affordable housing" project. The project was to consist of one hundred single family homes for low income families. In order to retain the federal income tax credits, PHFA required Woodwind to complete the project by December 31, 1997. Woodwind sought to obtain subdivision approval for the project pursuant to the Township's Subdivision and Land Development Ordinance ("SALDO").

Woodwind's first step in the approval process was the submission of a preliminary development plan ("the Plan"). On March 18, 1996, it submitted the Plan and supporting information to the Township. Pursuant to the Township's ordinance the Plan was evaluated initially by the Stroud

2

Township Planning Commission. The Planning Commission was to issue an advisory opinion to the Board of Supervisors which in turn would make the final decision regarding approval.

At a meeting on March 27, 1996, the Planning Commission first considered the Plan. At the meeting, the attorney for the Planning Commission advised the Commission that the Plan satisfied the criteria for approval as a subdivision.

The March 27, 1996, meeting also was attended by a citizens group known as the "Concerned Neighbors of Woodwind Estates" who opposed the project because they did not want low-income residents living in the neighborhood. The citizens group was represented at the meeting by a private attorney, Marc Wolfe. On behalf of the citizens group, Wolfe urged the Planning Commission to deny approval for the Preliminary Plan insisting instead that Woodwind seek approval for the project as a planned unit development ("PUD"). The requirements for approval of a PUD are more onerous, stringent, and time-consuming than the requirements for subdivision approval.

During the course of the meeting on March 27, 1996, members of the Planning Commission echoed the concerns of the citizens group about the income-level and the socioeconomic background of prospective tenants from the Woodwind project, and the potential adverse economic effects of the project on local property values. None of these concerns, however, are conditions for subdivision approval under the Township's ordinance.

On March 27, 1996, the Planning Commission advised Woodwind that it would not review the Preliminary Plan because it was an "incomplete submission" lacking certain technical information. App. at 690. Woodwind thereafter submitted a revised Preliminary Plan ("the Revised Plan") which contained the requested information.

At a meeting on April 24, 1996, the attorney for the Planning Commission advised the Commission that the Revised Plan met the criteria for subdivision approval. Nevertheless, attorney Wolfe urged the Planning Commission to deny approval for the Revised Plan, again

3

insisting that Woodwind obtain approval for the project as a PUD rather than as a subdivision.

The Planning Commission took no action on the Revised Plan for approximately six months. Finally, on October 30, 1996, the Planning Commission voted 4-2 to recommend to the Board of Supervisors to deny approval of the Revised Plan.

The Board of Supervisors adopted the recommendation of the Planning Commission voting unanimously to deny approval. Shortly after the vote, the Board of Supervisors issued a written notice denying approval, which notice gave no reason to Woodwind for the denial. Attorney Wolfe contacted a member of the Board of Supervisors and advised him that the Board's denial letter was legally inadequate because it did not state any reason for the decision.

Following the above conversation, Wolfe himself drafted a second letter of denial which he sent to the Board of Supervisors but not to Woodwind setting forth the alleged violations or shortcomings of the Revised Plan. Quite obviously Woodwind was not even in a position to respond to Wolfe's letter. Relying heavily upon significant portions of the denial letter drafted by Wolfe, the attorney for the Board of Supervisors subsequently sent a letter dated November 27, 1996, notifying Woodwind of the reasons for the denial. The letter included as the primary reason for the denial the exact same reason which Wolfe previously had proposed in his draft: "The Board of Supervisors considers the above application to constitute a Planned Unit Development in that the project includes residential units located on a tract of land at least 50 acres in size which is planned for development in its entirety under single ownership or control." App. at 707.

After the Revised Plan was denied, Woodwind determined that it was impossible to complete the project by the December 1997 deadline. When Woodwind could not meet the deadline, PHFA subsequently withdrew financing and the project was canceled.

Woodwind initiated this action by filing a complaint in United States District Court for the Middle District of

4

Pennsylvania alleging that the defendants unlawfully denied its application for a planned real estate subdivision. Named as defendants were Stroud Township and seven individual defendants who are members of the Planning Commission and Board of Supervisors. Woodwind brought suit under 42 U.S.C. SS 1983 (Count 1), 1981 (Count 2), 1985 (Count 3), and various supplemental state law claims (Counts 4-6).

Before submitting the case to the jury, the District Court granted defendants' motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The District Court subsequently issued a memorandum explaining its dismissal of Woodwind's S 1983 substantive due process claim.

Woodwind appeals only the dismissal of its S 1983 substantive due process claim. We will reverse and remand for further proceedings.

We exercise plenary review of an order granting or denying a motion for judgment as a matter of law and apply the same standard as the District Court. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Patzig v. O'Neill, 577 F.3d 841, 846 (3d Cir. 1978) (citation omitted) (quotation omitted). Such a motion should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability. See Lightning Lube, 4 F.3d at 1166.

Substantive due process "is an area of the law`famous for its controversy, and not known for its simplicity.' " DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 598 (3d Cir. 1995) (quoting Schaper v. City of Huntsville, 813 F.2d 709, 716 (5th Cir. 1987)). On the one hand, federal courts are reluctant to sit as appeal boards for disputes between land developers and a Township's planning body. On the other hand, developers have a due process right to be free from "arbitrary and irrational zoning actions." Arlington

Heights v. Metropolitan Housing Corporation, 429 U.S. 252, 263 (1973). During the past decade this court has been called upon quite frequently to grapple with the obvious tension between these two principles in a line of substantive due process cases. See, e.g., Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir. 1995); DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592 (3d Cir. 1995); Parkway Garage v. Philadelphia, 5 F.3d 685 (3d Cir. 1993); Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667 (3d Cir. 1991); Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988).

The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." U.S. Const. amend XIV, S 1. To prevail on a substantive due process claim under S1983, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.

Woodwind argues that it has a protected property right in the approval of its development plans. Woodwind contends that so long as the development plans met all the requirements of the Township's subdivision ordinance it had an absolute right to approval of the plans as submitted. The defendants argue that Woodwind has no protected property interest in the approval. Even though Woodwind's plans indisputably met the requirements of the Township's subdivision ordinance, according to the defendants they nonetheless had the discretion (based upon some unspecified authority) to deny approval of the plans as submitted.

This court has recognized "that the issue of whether and when state-created property interests invoke substantive due process concerns has not been decided by the Supreme Court." Deblasio, 53 F.3d at 598. In this circuit, " `not all property interests worthy of procedural due process protection are protected by the concept of substantive due process.' " Id. at 598 (quoting Reich v. Beharry, 883 F.2d 239, 244 (3d Cir. 1989)). In Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority, 103 F.3d 1165 (3d Cir. 1997), we stated that "a substantive due process claim

6

grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a `particular quality of property interest," id. at 1179, and further explained that "all of these cases involv[ing] zoning decisions, building permits, or other governmental permission required for some intended use of land owned by the plaintiffs," id. at n. 12, implicated the kind of property interest protected by substantive due process. It follows that the holder of a land use permit has a property interest if a state law or regulation limits the issuing authority's discretion to restrict or revoke the permit by requiring that the permit issue as a matter of right upon compliance with terms and conditions prescribed by the statute or ordinance. See, e.g., Bituminous Materials, Inc. v. Rice County, Minnesota , 126 F.3d 1068, 1070 (8th Cir. 1997).

In this matter, the procedures for approval of subdivision plans are set forth in the Township's subdivision ordinance. In the section captioned "Specific Procedures For Plan Submission and Approval," the ordinance specifically provides as follows: ". . . the Commission shall determine the extent to which the [subdivision] plan complies with the Ordinance and shall recommend to the Board of Supervisors that the plan be approved entirely, that it be conditionally approved, or that it be disapproved." App. at 503. Under the ordinance, the plan submitted must be approved when it complies with all objective criteria for a subdivision.1 In light of the fact that the plan which Woodwind submitted indisputably satisfied all of the requirements for approval under the ordinance, and because the ordinance substantially limits the Township's discretion regarding approval, we conclude that Woodwind

_____

1. Likewise, Pennsylvania courts have stated that"a subdivision plan must be approved if it complies with [the] applicable regulations . . . ." Anderson v. Board of Supervisors of Price Twp., Monroe County, Pa., 437 A.2d 1308, 1309 (Pa. Cmwlth. 1981); See also Pace Resources, Inc. v. Shrewsbury Twp. Planning Commission, 492 A.2d 818, 821 (Pa. Cmwlth. 1985); Goodman v. Board of Commissioners of the Township of Whitehall, 411 A.2d 838, 841 (Pa. Cmwlth. 1980).

7

has a protected property interest under the Fourteenth Amendment.2

Along with establishing a protected property interest, Woodwind also must demonstrate that it was the victim of "a governmental action [that] was arbitrary, irrational, or tainted by improper motive" in order to show a substantive due process violation under S 1983. Bello v. Walker, 840 F.2d 1124, 1129 (3d Cir. 1988); Accord Parkway Garage v. Philadelphia, 5 F.3d 685, 692 (3d Cir. 1993) (a violation of substantive due process rights is shown where the government's actions in a particular case were "in fact motivated by bias, bad faith or improper motive"); Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253, 263 (3d Cir. 1995) (same). Evidence that the government acted improperly for "reasons unrelated to the merits of the application for the permits" may support a finding that the government arbitrarily or irrationally abused its power in violation of substantive due process. Bello, 840 F.2d at 1129; See also Pace Resources Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1035 (3d Cir. 1987) (irrationality not shown absent proof that government took actions against developer "for reasons unrelated to land use planning"). In disputed factual situations, the determination of the existence of improper motive or bad faith is properly made by the jury as the finder of fact. See, e.g. , Bello, 840 F.2d at 1130; Midnight Sessions Ltd. v. City of Philadelphia, 945 F.2d 667, 683 (3d Cir. 1991).

_____

2. According to the defendants, the District Court correctly dismissed the case "on the ground that the developer failed to establish a constitutionally protected property right." Defendants' Br. at 8. If the District Court dismissed the substantive due process claim on that basis, it was in error. Woodwind in fact had a protected property interest for the reasons explained above.

It is not entirely clear to us, however, whether the District Court granted judgment as a matter of law on that ground. The District Court initially stated that it was "[a]ssuming a protected property interest" although subsequently it appears to have taken the view that Woodwind had no such protected property interest. App. at 9-10. In any event, the District Court was in error by refusing to submit Woodwind's substantive due process claim to the jury on the issue of improper motive or bad faith.

8

Applying this standard, we have not hesitated to vacate a grant of summary judgment or a judgment as a matter of law where the evidence at least plausibly showed that the government took actions against the developer for indefensible reasons unrelated to the merits of the zoning dispute. One example is Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988). Bello involved a substantive due process claim under S 1983 brought by a developer against the municipal council. The plaintiff in Bello presented evidence that the defendants "improperly interfered with the process by which the municipality issued building permits, and that they did so for partisan political or personal reasons unrelated to the merits of the application for the permits." Id. at 1129. The defendants in Bello presented evidence that the building permits at issue were denied for legitimate zoning reasons thus presenting an arguably rational ground for the decision. Id. at 1130. Because there was a genuine factual dispute over whether the defendants had denied the permit based upon an improper motive, we vacated the grant of summary judgment by the District Court. See also Deblasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600–01 (3d Cir. 1995) (vacating summary judgment where genuine dispute as to whether denial of permit by governmental decision maker was motivated by improper personal financial reasons); Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 696–99 (3d Cir. 1993) (vacating directed verdict where jury could reasonably infer that denial of permit by governmental decision maker was motivated by improper economic reasons).

In Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir. 1995), the plaintiff presented evidence that the defendants had engaged in a pattern of improperly refusing to release and issue certain permits as part of an effort "to delay and ultimately to shut down" the proposed subdivision development. 57 F.3d at 260. We held that the intentional blocking or delaying of the issuance of permits for reasons unrelated to the merits of the permit application violates principles of substantive due process and is actionable under S 1983. Id. at 268–69. We vacated the order of the District Court granting the defendants' motion for a directed verdict under Rule 50(a) and ordered a new trial.

9

This case is similar to Bello and Blanche Road. Woodwind presented the following evidence at trial: (1) the defendants had no legitimate basis under the ordinance for demanding information about the socioeconomic background and income-levels of prospective tenants as a condition of subdivision approval; (2) the defendants denied approval for the plan by adopting significant portions of a letter drafted by the private attorney for the citizens group which vigorously opposed the development for improper reasons; and (3) the defendants intentionally blocked or delayed the issuance of the permit for subdivision approval because they were aware that by doing so the developer would be unable to meet the building deadline for financing the project. All of this in combination could provide a jury with a basis from which it could reasonably find that the decision of the defendants to deny approval was made in bad faith or was based upon an improper motive. See, e.g., Bello, 840 F.2d at 1130.

Our conclusion here is bolstered by our narrow scope of review. On a motion for a judgment as a matter of law, the non-moving party is entitled to the benefit of all reasonable inferences. " `The trial judge, in his review of the evidence, and this court, in its own appellate review, must expose the evidence to the strongest light favorable to the party against whom the motion is made and give him every advantage of every fair and reasonable inference.' " Parkway Garage, 5 F.3d at 698 (quoting Fireman's Fund Ins. Co. v. Videofreeze Corp., 540 F.2d 1171, 1178 (3d Cir. 1976)). As we stated in Fireman's Fund,"we cannot say (as a matter of law) that the record is deficient of that `minimum quantum of evidence from which a jury might reasonably afford relief '." 540 F.2d at 1178. Woodwind adduced sufficient evidence to overcome the motion. The District Court erred in dismissing the S 1983 substantive due process claim. Accordingly, we will remand for further proceedings.

Next, the supervisor defendants contend that their Rule 50(a) motion should be upheld on the alternative ground that they are entitled to qualified immunity for their decision to deny Woodwind's application for subdivision approval. According to the supervisors, they are entitled to qualified immunity simply because they were relying upon

10

the recommendation of the planning commission and the township solicitor. We disagree.

The test for determining whether government officials are entitled to qualified immunity for their actions, as set forth in Harlow v. Fitzgerald, 457 U.S. 800 (1982) is that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. In the instant case, however, when the evidence is viewed in the light most favorable to the plaintiff, it is clear that the supervisor defendants could not have reasonably believed that their conduct did not violate plaintiff 's rights. Under the local ordinance, the Woodwind plan as submitted must have been approved as a subdivision because it satisfied all of the objective criteria. Yet the supervisor defendants denied approval for the subdivision plan. The supervisor defendants have not shown that their interpretation or understanding of the ordinance was reasonable or that Pennsylvania law on the subject was unclear. Accordingly, the defense of qualified immunity is not available to the supervisor defendants in the instant matter. See, e.g., Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 (3d Cir. 1995) (no qualified immunity for township supervisors where they could not reasonably have believed that their conduct did not violate plaintiff 's constitutional rights).3

The Township also contends that its Rule 50(a) motion should be upheld on the alternative ground that there was insufficient evidence from which a jury couldfind a Township policy sanctioning conduct that violated plaintiff 's constitutional rights. In order to establish Township liability under S 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or

_____

3. The District Court did not specifically address the issue of whether the
planning commissioners were entitled to qualified immunity. Nonetheless, we conclude that the planning commissioners are not entitled to qualified immunity for similar reasons as those discussed above.

11

acquiescence in a well-settled custom." Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n. 16 (3d Cir. 1995). It is hornbook law that "actions by those with final authority for making a decision in the municipality constitute official policy for purposes of S 1983." Erwin Chemerinsky, Federal Jurisdiction, S 8.5 at 479 (3d ed. 1999).

Applying this test in Blanche Road, we held that there was sufficient evidence of an official policy to establish Township liability under S 1983 because the Township supervisors had final, unreviewable authority for making the decision to deny the permits sought by the plaintiff. 57 F.3d at 269 n.16. Similarly, here the supervisor defendants indisputably had final, unreviewable authority for making the decision. Accordingly, Woodwind's evidence, if believed, is sufficient to establish Township liability under S 1983.

For the above reasons, we will reverse the District Court's order, granting defendants' Rule 50(a) motion, and we will remand for further proceedings consistent with this opinion.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

12