Richard C. HAEFNER, Appellant,

v.

NORTH CORNWALL TOWNSHIP, a political subdivision of Lebanon County, Pennsylvania; Lebanon Valley Exposition Corporation; Richard Kreider; Charles V. Henry, III; John Doe No. 1.

No. 00–2603.

United States Court of Appeals, Third Circuit.

Submitted Jan. 2, 2002.

Decided March 14, 2002.

Before NYGAARD, McKEE, and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant Dr. Richard Haefner, proceeding *pro se*, filed a civil action in July 1998 against Lebanon Valley Exposition Corporation, North Cornwall Township, and others, asserting breach of contract, interference with existing and future business relations, conspiracy, defamation, misrepresentation, and negligence in connection with the cancellation of the 1997 "Lost Dutchman Gemboree" and the complete loss of his gem and mineral show business. Dr. Haefner's annual gem and mineral show was held from 1992 through 1996 at an exposition facility owned by Lebanon Valley Exposition Corporation in North Cornwall Township. He would rent the facility, and gem and mineral dealers would rent a booth from him in order to sell their merchandise to Gemboree visitors.

Following the August 1996 Gemboree, Dr. Haefner and the Exposition Corporation began negotiating for the following year. However, on August 9, 1997, Dr. Haefner received a letter from Charles V. Henry, III, Esquire, counsel for Lebanon Valley Exposition Corporation, stating that the exposition facility would not be available for the Gemboree during the period of August 13, 1997 to August 17, 1997, because Dr. Haefner had failed to make arrangements for security.

The Township moved to dismiss the complaint, and the District Court granted the motion. The remaining defendants moved for summary judgment and the District Court granted those motions. Judgment for the defendants was entered on April 12, 2000. We affirmed on June 11, 2001 (C.A. Nos. 99–3186 & 00–1410).

Prior to entry of judgment for the defendants, Dr. Haefner sought to amend the complaint to add promissory estoppel and civil rights counts. The District Court, finding undue delay, refused to allow the amendment. Dr. Haefner then filed the instant civil action against North Cornwall Township, Lebanon Valley Exposition Corporation, Richard Kreider, and Charles V. Henry, III, Esquire, asserting promissory estoppel and a violation of his civil rights pursuant to 42 U.S.C. § 1983. The District Court dismissed the promissory estoppel count against Charles Henry in an order entered on May 2, 2000.[1] Summary judgment was awarded to the defendants on the remaining claims on the basis of claim preclusion in an order entered on August 18, 2000. The District Court found that there had been a final judgment on the merits in the first civil action (D.C.Civ. No. 98–cv–01086), the parties either were identical or in privity,[2] and the suit was based on the same underlying events. Dr. Haefner appeals.

We will affirm. Dr. Haefner contends on appeal that application of the doctrine of claim preclusion was unfair and premature, and that he should have been allowed to take discovery in order to show that he could not have included his promissory estoppel and civil rights counts in his first civil action. In addition, the District Court erred in denying his motion to consolidate the two civil actions.[3] With respect to his first contention, the federal law of claim preclusion requires a defendant to show that there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991). Where these circumstances are shown, the subsequent suit is barred. A plaintiff must present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence. *Id.* at 965.

The doctrine of claim preclusion is not a mere matter of technical practice or proce-

---

1. Where there is no enforceable agreement between the parties, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment. *See Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 A.2d 606, 610 (2000). The District Court granted Henry's motion to dismiss on this count because the complaint was devoid of any allegation that Henry made any promises to Dr. Haef-

ner. This order has not been challenged on appeal.

2. Richard Kreider is chairman of the board of directors of the Exposition Corporation and Charles Henry is its lawyer. The John Doe defendant is a Township official.

3. Dr. Haefner also filed a motion to consolidate in this action, which the District Court denied in an order entered on November 18, 1999.

dure but a rule of fundamental and substantial justice. *See Equal Employment Opportunity Comm'n v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir.1990). It is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions. *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

The District Court properly applied the doctrine of claim preclusion here. The assertions in Dr. Haefner's second civil complaint involve the same operative facts and the same parties, or their privies, as in his 1998 civil complaint. Dr. Haefner admits as much. With the exception of two new legal theories, the two lawsuits are identical. Moreover, the new legal theories do not make the second case different for purposes of claim preclusion. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir.1990) (claim preclusion, otherwise known as res judicata, prohibits reexamination not only of matters actually decided in prior case, but also those that parties might have, but did not, assert in that action).

Dr. Haefner has argued on appeal that the defendants actively concealed facts that would have alerted him to the two other legal theories, and that, had he been allowed to take discovery in the instant action, he would have been able to strengthen his showing of fraudulent concealment. Claim preclusion, however, applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence. *See e.g., L–Tec Electronics*

*Corp. v. Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 (2d Cir.1999).

We agree with the District Court that Dr. Haefner's bald and unsupported allegations of fraudulent concealment are not persuasive. In the appeal taken from Dr. Haefner's first civil action, we endorsed the District Court's finding that it was Dr. Haefner's own dilatory conduct that caused these legal theories to be squandered. Our opinion remains unchanged on this subject. The assertions in the original complaint in the 1998 civil action would have, by themselves, been more than sufficient to plead promissory estoppel given its close relationship to breach of contract. *See Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 A.2d 606, 610. The circumstances leading up to, and following, the August 5, 1997 meeting with the Township supervisors also provided an adequate basis under *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (federal courts may not apply heightened pleading standard in civil rights cases alleging municipal liability under 42 U.S.C. § 1983), for alleging a civil rights violation.

We also, in the first appeal, decided Dr. Haefner's remaining contention that the two actions should have been consolidated. We held that the District Court had no obligation to consolidate the two cases given the finding of dilatoriness, and we see no reason to revisit this issue in this appeal.

We will affirm the orders of the District Court granting summary judgment to the defendants and denying the motion to consolidate. Dr. Haefner's "Motion For Court To Decide This Appeal, etc." is granted to the extent to decide this appeal on the record of this case only, and denied to the extent that he seeks to strike portions of North Cornwall Township's Sup-

plemental Appendix and the appellees' briefs, as he has failed to specify what portions of these items he objects to.