**John P. KEIM and Robert J. Hennigan**

v.

**COUNTY OF BUCKS, Howard Gubernick, Bucks County Department of Corrections, Willis E. Morton, Lillian Budd and Joseph Schuck**

No. CIV.A. 03–2043.

United States District Court,
E.D. Pennsylvania.

July 29, 2003.

David P. Bateman, Bateman Smith and Lawlor P.C., Philadelphia, PA, for Plaintiffs.

Frank A. Chernak, Ballard Spahr Andrews & Ingersoll, Philadelphia, PA, for Defendants.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

Presently before the Court is the motion of defendants Bucks County, Howard Gubernick, Bucks County Department of Corrections ("BCDOC"), Willis Morton and Lillian Budd to dismiss the plaintiffs' complaint in its entirety pursuant to Fed. R.Civ.P. 12(b)(6). For the following reasons, the motion will be granted in part and denied in part.

### *Factual Background*

This civil rights action arose on August 6, 2002 out of an altercation between the plaintiffs, who are corrections officers at the Bucks County Correctional Facility and an inmate, Shaun Brennan. On that date, Plaintiff Keim was in the process of transferring Mr. Brennan from one part of the prison to another because he had committed a "Class 1" misconduct earlier that day. In accordance with Bucks County Department of Corrections procedures, Officer Keim was checking Inmate Brennan's bag and personal effects when he found

suspected contraband in a jacket. Mr. Brennan became extremely irate and began to assault and verbally abuse Officer Keim. At that point, Officer Hennigan came to Officer Keim's aid. Although Officer Hennigan called in a "Code 99" for help, the prison's public address system was inoperative and it took several minutes before additional officers could come to the plaintiffs' assistance.

As a result of the altercation, Inmate Brennan sustained abrasions and bruises and Officer Keim suffered injuries to his knee, wrist and palm. An internal investigation was thereafter conducted by Defendant Joseph Schuck, who is described in the complaint as "an Investigator, management official and/or employee vested with actual and/or apparent management authority on behalf of the Bucks County Correctional Facility." Although no criminal charges were brought against the plaintiffs, internal disciplinary hearings were held before Hearing Officer Lillian Budd and the plaintiffs initially received five-day suspensions for their improper use of excessive force against an inmate. These suspensions were eventually reduced to written reprimands by Warden Willis Morton.

Plaintiffs' complaint raises seven causes of action under both state and federal law for violations of due process, malicious prosecution, abuse of process, wrongful use of civil proceedings, intentional infliction of emotional distress, invasion of privacy and defamation for the purportedly unlawful manner in which the August 6, 2002 incident was investigated and prosecuted. The moving defendants, in turn, now move to dismiss the complaint in its entirety on the grounds that it fails to state any valid causes of action against them as the plaintiffs' employment is governed by the terms of a collective bargaining agreement and there are grievance procedures in place.

### Legal Standards for Rule 12(b)(6) Motions to Dismiss

In considering a motion to dismiss on the pleadings, the court must treat all well-pleaded allegations in the complaint as true. *Miree v. DeKalb County, Ga.,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). If it is clear that relief could not be granted on any set of facts consistent with the allegations, then the complaint should be dismissed and the motion granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As for whether a collective bargaining agreement may be considered as part of a 12(b)(6) motion, the court may consider an authentic document that a defendant attaches as an exhibit to a motion if a plaintiff's claim is based on the document. *Dykes v. Southeastern Penn. Trans. Auth.,* 68 F.3d 1564, 1566–67 (3d Cir.1995), citing *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196–97 (3d Cir.1993).

### Discussion

#### (1) *Due Process Claim*

Plaintiffs first assert that their rights to due process of law were violated by the manners in which the internal investigation into their altercation with Inmate Brennan and the resultant disciplinary hearings were conducted.

The Fourteenth Amendment to the United States Constitution provides in part that "[n]o state... shall...deprive any person of life, liberty or property, without due process of law." This provision has been interpreted as having both substantive and procedural components. *See, Planned Parenthood of S.E. Pennsylvania v. Casey,* 505 U.S. 833, 846–847, 112 S.Ct. 2791, 2804, 120 L.Ed.2d 674 (1992). As a threshold matter to sustain a cause of

action under either theory, a plaintiff must establish that he has a protected property interest to which the Fourteenth Amendment's due process protection applies. *Gikas v. Washington School District*, 328 F.3d 731, 735 (3d Cir.2003). There is now, however, a clear distinction between the protection afforded to property interests which arise under state law and those which arise under the U.S. Constitution. Thus, a property interest protected by procedural due process is not necessarily protected by substantive due process. *Id.*

In *Nicholas v. Pennsylvania State University*, 227 F.3d 133 (3d Cir.2000), the Third Circuit Court of Appeals "attempt[ed] to untwist th[e] tangled skein" of due process claims. In so doing, the Court noted that such claims typically arise either when the validity of a legislative act is challenged or a government official is alleged to have arbitrarily exercised his power. While some state-created property interests, including some contract rights are entitled to protection under the procedural component of the Due Process Clause, "to state a substantive due process claim, a plaintiff must have been deprived of a particular quality of property interest," one which is not determined by reference to state law but one which is "fundamental" under the U.S. Constitution. *Nicholas*, 227 F.3d at 139–140, quoting *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir.2000). *See Also: DeBlasio v. Zoning Board of Adjustment*, 53 F.3d 592, 598 (3d Cir.1995). In applying this distinction to the question of whether the plaintiff's substantive due process rights had been violated when he was terminated from his tenured position as a professor at a public university, the *Nicholas* Court found that the plaintiff's tenured public employment was a wholly state-created contract right bearing little resemblance to other rights and property interests deemed fundamental under the Constitution. Accordingly, he was not entitled to substantive due process protection. *Id. See Also: Dennison v. Pennsylvania Department of Corrections*, 2003 WL 21349930, 268 F.Supp.2d 387 (M.D.Pa. 2003), 2003 U.S. Dist. LEXIS 9579.

As with a claim for a substantive due process violation, a § 1983 claim for violation of procedural due process rights also requires that a plaintiff allege that he or she was deprived of a property interest under color of state law without due process. *Dykes v. Southeastern Pennsylvania Transportation Authority*, 68 F.3d 1564, 1570 (3d Cir.1995). In contrast to the substantive component, property interests created by state law are protected under the concept of procedural due process inherent in the Fourteenth Amendment. *See, Brown v. Muhlenberg Township*, 269 F.3d 205, 213 (3d Cir.2001); *Reich v. Beharry*, 883 F.2d 239, 244 (3d Cir.1989).

In evaluating procedural due process claims for sufficiency, courts employ a two-step analysis inquiring into (1) whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of life, liberty or property and (2) whether the procedures available provided the plaintiff with due process of law. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000), quoting *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir.1984). *See Also: Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir.1997); *King v. School Dist. of Phila.*, 2001 WL 856948 (E.D.Pa. 2001), 2001 U.S. Dist. LEXIS 10710. The Supreme Court has recognized that public employees who can be discharged only "for cause" have a constitutionally protected property interest in their tenure entitling them to procedural due process protection. *Gilbert v. Homar*, 520 U.S. 924, 928–929, 117 S.Ct. 1807, 1811, 138 L.Ed.2d 120 (1997); *Bradley v. Pittsburgh Board of*

*Education,* 913 F.2d 1064, 1077 (3d Cir. 1990). Contracting with an employer can also create this property right, as with a collective bargaining agreement. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Morrison v. Phila. Housing Authority,* Civ. A. No. 00–2847, 2002 WL 538983 (E.D.Pa. April 11, 2002), 2002 U.S. Dist. LEXIS 6272 *37. Moreover, in order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him, unless those procedures are unavailable or patently inadequate. *Id.* Indeed, a due process violation is not complete when the deprivation occurs; it is not complete unless and until the state fails to provide due process. *Id.,* quoting *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). When, however, access to procedure is absolutely blocked or there is evidence that the procedures are a sham, the plaintiff need not pursue them to state a due process claim. *Alvin,* 227 F.3d at 118.

In this case, the gravamen of Plaintiffs' complaint is that the defendants violated their due process rights by disciplining them for the incident with Inmate Brennan. Under Article 15, Section 1 of the Collective Bargaining Agreement between the International Union of Operating Engineers (of which Plaintiffs are members) and Bucks County and the Bucks County Department of Corrections, "[t]he Employer shall not demote, suspend, discharge or take any disciplinary action against any employee without just cause." Given that this provision stipulates that plaintiffs shall not only not be discharged but also shall not be disciplined without just cause, we find that it is sufficient to confer upon plaintiffs a property right in their employment, albeit not a fundamental property right entitling them to substantive due process protection. We therefore must grant the motion to dismiss Plaintiffs' substantive due process claim.

Although Moving Defendants assert that the plaintiffs have no cause of action for a violation of their procedural due process rights in view of the grievance procedures and arbitration remedy provided for under the collective bargaining agreement, we note that Plaintiffs also aver that the manner in which the internal investigation into the August 6, 2002 incident and subsequent disciplinary hearings were conducted was biased and corrupt. Thus notwithstanding that their employment is governed by a collective bargaining agreement providing for a multi-step grievance procedure and arbitration, pursuant to *Alvin,* we find that Plaintiffs have alleged sufficient facts to give rise to a procedural due process claim. Accordingly, the motion to dismiss shall be denied with respect to the claim for a procedural due process violation.

(2) *Claims for Malicious Prosecution, Abuse of Process and Wrongful Use of Proceedings.*

In Counts II, III and IV of the Complaint, Plaintiffs endeavor to state causes of action for Malicious Prosecution under Section 1983 and for Abuse of Process and Wrongful Use of Proceedings under Pennsylvania state law.

It is well-settled that while an action for malicious prosecution can be maintained under § 1983, to state a viable claim, a plaintiff must establish that he was prosecuted. *See, e.g., Losch v. Borough of Parkesburg,* 736 F.2d 903 (3d Cir. 1984). Similarly, abuse of process is defined as "the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Werner v. Plater–Zyberk,* 2002 Pa.Super. 42, 799 A.2d 776, 785 (2002), quoting *Shiner v. Moriarty,* 706 A.2d 1228, 1236 (Pa.Super.1998) and *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 192

(1993). Thus, to establish a claim · for abuse of process under the law of Pennsylvania, it must be shown that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed, and (3) that harm was caused to the plaintiff as a result. *Id.*

Finally, wrongful use of civil proceedings is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. *Id.* In an action for wrongful use of civil proceedings, the plaintiff first must demonstrate that the person taking part in the initiation, procurement or continuation of civil proceedings either acted in a grossly negligent manner or that he lacked probable cause and that the proceedings terminated in his favor and against the person against whom the action has been filed. *Werner,* 799 A.2d at 786, citing *Broadwater v. Sentner,* 1999 Pa.Super 24, 725 A.2d 779, 782 (1999), *appeal denied,* 562 Pa. 664, 753 A.2d 814 (2000); 42 Pa.C.S. § 8351.

Applying these principles to the case at hand, it is clear from the face of the complaint, that although Defendant Schuck and one or more of the other defendants allegedly contacted the Bucks County District Attorney's Office and may have tried to institute a *criminal investigation* against the plaintiffs and that internal disciplinary hearings were conducted, no charges were ever filed against the plaintiffs and no process or proceedings, either civil or criminal, were ever initiated as a result.[1] Accordingly, we find that Plaintiffs cannot state a cause of action for malicious prosecution under § 1983 or for wrongful use of proceedings or abuse of

process under state law. For these reasons, Counts II, III and IV of the Complaint are hereby dismissed with prejudice. *See Also: Jackson v. Mills,* Civ. A. No. 96–3751, 1997 WL 570905, *8 (E.D.Pa. Sept.4, 1997), 1997 U.S. Dist. LEXIS 14467, *25; *Puricelli v. Borough of Morrisville,* 820 F.Supp. 908, 918–919 (E.D.Pa.1993).

(3) *Intentional Infliction of Emotional Distress.*

It remains unclear whether the tort of intentional infliction of emotional distress is truly a viable cause of action under Pennsylvania law. To be sure, the Pennsylvania Supreme Court has "acknowledged but has never had occasion to specifically adopt" the tort as outlined in Restatement (Second) of Torts, § 46.[2] *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 184, 527 A.2d 988, 989 (1987); *Daughen v. Fox,* 372 Pa.Super. 405, 412, 539 A.2d 858, 860 (1988). What *is* clear, however, is that *if* the tort were adopted, Pennsylvania would require that "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone,* 554 Pa. 134, 151, 720 A.2d 745, 754 (1998), quoting with approval *Buczek v. First National Bank of Mifflintown,* 366 Pa.Super. 551, 558, 531 A.2d 1122, 1125 (1987). *See Also: Taylor v. Albert Einstein Medical Center,* 562 Pa. 176, 181, 754 A.2d 650, 652 (2000). The cause of action is very rarely sustained in the employment context, and only where plaintiffs were terminated, which of course is not the situation in the case at bar. *See, e.g., Brad-*

---

1. In so holding, we cannot find that internal disciplinary proceedings equate to civil proceedings within the meaning of the Pennsylvania statute or common law.

2. That Section states in pertinent part:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*shaw v. General Motors,* 805 F.2d 110, 114 (3d Cir.1986). Indeed, even ill-motivated callous termination of employment is insufficient to meet the standard. *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir.1988). Given that it is for the court to determine in the first instance whether the defendants' conduct can reasonably be regarded as so extreme and outrageous as to permit recovery, and we do not find the alleged conduct in this case to rise to this standard, Count V of the complaint is also dismissed with prejudice.

### (4) *Claims for Defamation/Slander and Invasion of Privacy.*

In Counts VI and VII, Plaintiffs seek to recover damages from all of the defendants for certain allegedly defamatory statements made by Defendant Schuck and for Schuck's intentional disclosure of the details of the internal investigation to third persons, including a Doylestown Township police officer, and certain inmates and other prison staff members.

Pennsylvania has codified the tort of slander/defamation at 42 Pa.C.S. § 8343. Pursuant to that statute,

(a) **Burden of plaintiff.**-In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

(b) **Burden of defendant.**-In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:

(1) The truth of the defamatory communication.

(2) The privileged character of the occasion on which it was published.

(3) The character of the subject matter of defamatory comment as of public concern.

■■■■ It is for the court to determine whether the statement at issue is capable of a defamatory meaning. *Synygy, Inc. v. Scott–Levin, Inc.,* 51 F.Supp.2d 570, 580 (E.D.Pa.1999), *aff'd w/o opinion,* 229 F.3d 1139 (2000), citing, *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 273 A.2d 899 (1971). A statement is defamatory if it "tends so to harm the reputation of another as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *U.S. Healthcare v. Blue Cross of Greater Philadelphia,* 898 F.2d 914, 923 (3d Cir.1990), *cert. denied,* 498 U.S. 816, 111 S.Ct. 58, 112 L.Ed.2d 33 (1990). Special harm requires proof of a specific monetary or out-of-pocket loss as a result of the defamation but the special harm requirement is obviated where the defamatory statement constitutes slander *per se. Synygy, supra.* Slander or defamation *per se* can be either "words imputing criminal offense, loathsome disease, or business or serious sexual misconduct." *Id.; Clemente v. Espinosa,* 749 F.Supp. 672, 677 (E.D.Pa.1990). A statement constitutes slander *per se* as an accusation of criminality when it charges either directly or indirectly the commission of a criminal offense punishable by imprisonment. *Clemente,* at 679, *citing Burns v. Supermarkets General Corp.,* 615 F.Supp. 154, 157 (E.D.Pa. 1985).

■■■■ The tort of false light/invasion of privacy involves "publicity that unreasonably places the other in a false light

before the public." *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 654 (Pa.Super.1999), quoting *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa.Super.1997) and *Curran v. Children's Serv. Center of Wyoming County, Inc.*, 396 Pa.Super. 29, 578 A.2d 8, 12 (1990). A cause of action for invasion of privacy will be found where a major misrepresentation of a person's character, history, activities or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense. *Id.* The elements to be proven are publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public. *Id.*

In this case, the plaintiffs complain only of statements made by Defendant Schuck to the effect that the plaintiffs were "criminals" and would soon themselves be "inmates" and of his alleged disclosure of private information about them to others. We find that if proven, these statements could well constitute slander *per se* and that plaintiffs have thus sufficiently pled a cause of action for defamation against Mr. Schuck.[3]

■ Nowhere in their complaint, however, do the plaintiffs aver that any of the other defendants (*i.e.*, the moving defendants here), made any slanderous or defamatory statements about them or disclosed their private information. Nevertheless, even construing the complaint in the light most favorable to the plaintiffs and reading Counts VI and VII as endeavoring to hold the movants liable as the employers and/or supervisors of Defendant Schuck, we must likewise strike this claim as against the moving defendants.

Under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." [4]

■ As noted, there are certain exceptions to this general grant of immunity. Indeed, 42 Pa.C.S. § 8542(a) reads:

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

---

**3.** We further find that there are sufficient allegations in the complaint that Defendant Schuck's actions against the plaintiffs may have constituted willful misconduct so as to abrogate any statutory immunity to which he may have been entitled under the Tort Claims Act. *See,* 42 Pa.C.S. § 8550 ("[i]n any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or

willful misconduct, the provisions of sections 8545..., 8546...8548...and 8549...shall not apply.")

**4.** A "local agency" is defined under the Act, as "[a] government unit other than the Commonwealth government. The term includes an intermediate unit." 42 Pa.C.S. § 8501. Thus, the County of Bucks and the Bucks County Department of Corrections are local agencies under the Tort Claims Act and, along with their employees, are generally immune from suit. *See Also:* 42 Pa.C.S. § 8545.

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

Under the preceding section then, a party seeking to recover against a local agency must demonstrate that it has a common law or statutory cause of action in *negligence* against the local agency *and* that the local agency's alleged acts of negligence which caused the injury fall within one of the specifically designated exceptions to governmental immunity set forth in Section 8542(b). Those exceptions are: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks and (8) care, custody or control of animals. In so far as neither defamation nor false light invasion of privacy is included among the specifically enumerated exceptions and in fact, are not negligence causes of action, we conclude that the plaintiffs' defamation and false light claims against the moving defendants must be dismissed with prejudice. *See Also: Satterfield v. Borough of Schuylkill Haven*, 12 F.Supp.2d 423, 442 (E.D.Pa.1998) (holding that "[u]nder Pennsylvania law, a local agency...is immune from causes of action sounding in defamation") and *Rush*, 732 A.2d at 654 ("there is no support for the proposition that negligence may support a claim of false light-invasion of privacy.")

For all of the foregoing reasons, the motion to dismiss is granted with the exception of plaintiffs' claim for a violation of their procedural due process rights. An order follows.

## ORDER

AND NOW, this 29th day of July, 2003, upon consideration of the Motion of Defendants the County of Bucks, Bucks County Department of Corrections, Howard Gubernick, Willis Morton and Lillian Budd to Dismiss the Plaintiffs' Complaint and Plaintiffs' response thereto, it is hereby ORDERED that the Motion is GRANTED in PART and DENIED in PART and Counts Two through Seven of the Complaint are DISMISSED as against Moving Defendants with prejudice. To the extent that Count I of the Complaint contains a claim for a violation of Plaintiffs' substantive due process rights, it is also DISMISSED with prejudice.