NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2828
_____

DAVAUN BARNETT,
Appellant

v.

PENN HILLS SCHOOL DISTRICT;
PENN HILLS SCHOOL DISTRICT SCHOOL BOARD;
CARL BARBARINO; JENNIFER BURGESS-JOHNSON;
DENISE GRAHAM-SHEALY; HEATHER HOOLAHAN;
ROBERT HUDAK; DONALD KUHN; JOHN ZACCHIA

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-16-cv-00274
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2017

Before: SMITH, Chief Judge, NYGAARD, and FUENTES, Circuit Judges

(Filed: July 17, 2017)
_____

OPINION[*]
_____

SMITH, Chief Judge

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Davaun Barnett was fired from his job as principal of Linton Middle School in the Penn Hills School District ("PHSD"). In this action, Barnett alleges that PHSD, its School Board, and several Board members violated (and conspired to violate) his rights to procedural and substantive due process. He also asserts several claims arising under state law. The District Court dismissed Barnett's federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claims. For the following reasons, we will affirm.

## I

Barnett's wife allegedly stole $300 from a school fundraiser. This allegation led PHSD to charge Barnett with "immorality" for failing to account for or return the funds. Following a hearing, PHSD's Board voted to terminate Barnett's employment.

Barnett appealed to Pennsylvania's Acting Secretary of Education. The Acting Secretary performed a de novo review. By Order dated July 18, 2014, the Acting Secretary affirmed the Board's decision—citing, *inter alia*, Barnett's inconsistent representations about what happened to the money.

Barnett petitioned for review to the Commonwealth Court of Pennsylvania. By Order dated May 28, 2015, the Commonwealth Court affirmed the Acting Secretary's Order. *Barnett v. Penn Hills Sch. Dist.*, No. 1412 C.D. 2014, 2015 WL 5436932, at *9 (Pa. Commw. Ct. May 28, 2015).

On March 9, 2016, Barnett filed this action in the United States District Court for the Western District of Pennsylvania. Barnett claims that, during the pendency of his second appeal, he discovered new evidence that his original pre-termination hearing was a sham: certain unidentified individuals reportedly informed Barnett that PHSD had struck Barnett's salary from the school's budget before the hearing occurred. Barnett draws the inference that the Board prejudged his hearing.

Named as defendants are PHSD, the School Board, and several individual Board members. Barnett's Complaint asserts seven Counts against all defendants: (I) "Procedural Due Process," (II) "Substantive Due Process," (III) "Conspiracy," (IV) "Violation of the Pennsylvania Constitution," (V) "Breach of Contract," (VI) "Infliction of Emotional Distress," and (VII) "Vicarious Liability." JA36–42.

On May 18, 2016, the District Court granted the defendants' motion to dismiss. *See Barnett v. Penn Hills Sch. Dist.*, No. 2:16-cv-274, 2016 WL 2895136 (W.D. Pa. May 18, 2016). The District Court dismissed the federal due-process claims with prejudice for two reasons. First, the District Court concluded that the due-process claims were precluded. Specifically, it held that the claims against PHSD and the Board were barred by claim preclusion (res judicata), and the claims against the individual defendants, who were not parties in the previous litigation, were barred by issue preclusion (collateral estoppel). Second, the District Court

3

alternatively concluded that the due-process claims failed on the merits. The District Court also dismissed the conspiracy claim with prejudice because it depended on underlying due-process violations, and dismissed the remaining state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

This timely appeal followed.[1]

## II

We exercise plenary review over the District Court's dismissal of Barnett's federal claims. *See, e.g.*, *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497 (3d Cir. 2017). We agree with the District Court that the claims—procedural due process, substantive due process, and conspiracy—fail as a matter of law.[2]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Barnett argues that the District Court erroneously held that claim and issue preclusion bar his due-process challenges. Specifically, he relies on a non-precedential opinion to argue that claim preclusion is inapplicable because the new evidence was fraudulently concealed. *See Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002) ("Claim preclusion . . . applies even where new claims are based on newly discovered evidence, unless the evidence was . . . fraudulently concealed . . . ."). He also argues that issue preclusion is inapplicable because the newly discovered evidence supports a challenge to the basic integrity of the hearing that was not litigated below. But we need not reach those issues. Because "[p]reclusion . . . is not jurisdictional[,] . . . we can affirm the District Court on the merits" and "need not reach the question of the preclusive effect of the prior state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 173 (3d Cir. 2010).

4

A

We begin with Barnett's claim that the defendants violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution. We agree with the District Court that the two layers of review cure any procedural defect in the original pre-termination hearing.

This Court has previously held that a public employee with access to de novo review of a termination decision receives "sufficient process to protect his property rights," even if the earlier proceedings were infected with bias. *McDaniels v. Flick*, 59 F.3d 446, 461 (3d Cir. 1995); *see also Dykes v. SEPTA*, 68 F.3d 1564, 1571 (3d Cir. 1995). To be sure, "the most thorough and fair post-termination hearing cannot undo" the outright denial of pre-termination procedures. *Alvin v. Suzuki*, 227 F.3d 107, 120 (3d Cir. 2000). But once some process is provided, we have held that de novo review can cure any claimed bias in appropriate cases. *McDaniels*, 59 F.3d at 461.

Here, the requisite pre-termination process was in fact provided.[3] When the matter was not decided in his favor, Barnett obtained de novo review from the

---

[3] To the extent that Barnett claims that he did not receive appropriate pre-termination notice, *see* Compl. ¶ 24, that question was resolved against Barnett in the proceedings below, *see Barnett*, 2015 WL 5436932, at *9 ("Petitioner was informed that he was being charged with immorality on the basis of his failure to account for the missing funds raised at the fundraising event."). While we do not rule on whether Barnett's due-process challenges are precluded in their entirety, Barnett is barred from relitigating the specific issue of notice. It was fully and

Acting Secretary and additional review from the Commonwealth Court. This case is thus a straightforward application of *McDaniels*, notwithstanding Barnett's "new evidence." Even if the new evidence showed bias in the original pre-termination hearing, it does not undermine the integrity or independence of the Acting Secretary or the Commonwealth Court.

Barnett attempts to distinguish *McDaniels* by arguing that the plaintiff in that case failed to pursue de novo review. But that distinction does not help Barnett. If a plaintiff's due-process claim fails because he did not, but *could have*, obtained further review, a plaintiff who *actually obtains* such review does not have a stronger claim for deprivation of due process. As the District Court aptly put it, seeking and obtaining review "would tend to further undermine his claim, not support it." *Barnett*, 2016 WL 2895136, at *8.

Accordingly, we will affirm the dismissal of Barnett's procedural due process claim.

B

Barnett's substantive due process claim fails because he was not deprived of a fundamental interest under the Constitution. Barnett's claimed interests—his public employment and reputation—fall short of the mark.

___

fairly litigated in the earlier proceedings and has nothing to do with the new evidence. *See generally Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 351 (3d Cir. 2014).

6

To prevail on a substantive due process claim, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000) (quoting *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000)). "[N]ot all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id.* at 140 (quoting *Reich v. Beharry*, 883 F.2d 239, 243 (3d Cir. 1989)). The interest must be "fundamental" under the Constitution. *Id.* at 142.

Barnett fails that threshold inquiry. While his interests in his public employment and reputation may be entitled to procedural protections, *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), Barnett does not have a substantive right to any particular outcome in those proceedings. As we have held, "public employment . . . bears little resemblance to other rights and property interests that have been deemed fundamental under the Constitution." *Nicholas*, 227 F.3d at 143. And, to the extent that Barnett's claim is "based not only on loss of his job, but also on reputational injury that decreased his 'ability to earn a living,' it also fails." *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 n.12 (3d Cir. 2006).

Accordingly, we will affirm the dismissal of Barnett's substantive due process claim.[4]

III

Finally, Barnett argues that the District Court should have granted leave to file an amended complaint. But we agree with the District Court that amendment would be futile.

"[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). We review a determination of futility de novo. *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016). In this case, Barnett proposed three amendments that he argues would save the Complaint. We reject each.

First, Barnett argues that he could amend the Complaint to clarify that Barnett's salary was omitted from the budget for the year *after* he was going to be terminated. While the District Court did note that Barnett's new evidence "strains credulity" because the Complaint's description was not clear, *Barnett*, 2016 WL

---

[4] Barnett does not appeal the dismissal of the conspiracy count. But even if he did, that claim could only be reinstated if we also reinstated one of his due-process claims. *See Barnett*, 2016 WL 2895136, at *9 ("[W]here, as here, a plaintiff has not succeeded in pleading an underlying constitutional violation, any claim for conspiracy must also be dismissed."). The remaining Counts arise under state law. Barnett does not appeal the District Court's decision to dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c).

2895136, at *4, Barnett's proposed clarification would not save any claim from dismissal. The budget's effective date is not material to our analysis.

Second, Barnett offers to amend his Complaint to include the identities of the individuals who provided him the new evidence. But their identities have no legal significance. Barnett's claims fail even accepting their statements as true.

Finally, Barnett argues that he should be allowed to plead additional facts to demonstrate that the Acting Secretary's de novo review was tainted by bias. But Barnett has not proffered any facts to suggest that the Acting Secretary was herself biased against Barnett. Instead, Barnett argues that the Acting Secretary considered testimony from the pre-termination hearing that should never have been admitted because the witness was not sequestered before testifying. But Barnett has cited no authority for the proposition that the testimony could not have been considered. *Cf. Gov't of V.I. v. Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980) (noting that "failure to sequester witnesses is not, in itself, grounds for reversal," and that "the witness is not necessarily disqualified").

Furthermore, this argument has nothing to do with Barnett's new evidence; he knew about this issue in 2013 when the testimony occurred. He could have, and should have, raised this issue before the Acting Secretary and the Commonwealth Court. Barnett cannot use his own failure to present an issue in a proceeding to

later show that the proceeding was unfair. Simply put, Barnett received the *process* he was due.

IV

For the foregoing reasons, we will affirm.