

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2007

# Patterson v. Inspector Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Patterson v. Inspector Gen PA" (2007). *2007 Decisions.* Paper 936.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/936

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4233
_____

STACY ANN PATTERSON,

                                Appellant

v.

PA OFFICE OF INSPECTOR GENERAL

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02549)
Magistrate Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2007

BEFORE: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>

(Filed June 15, 2007)

_____

OPINION
_____

PER CURIAM

      Appellant Stacy Ann Patterson filed a civil complaint in United States District

Court for the Middle District of Pennsylvania in which she claimed that her employer, the

Pennsylvania Office of Inspector General ("OIG"), discriminated against her, by denying

her training, in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. §§ 951-963. Patterson was hired on January 18, 2000 as an Information Technology Technician. Because the original filing did not state a basis for federal jurisdiction, the OIG filed a motion for a more definite statement, asking Patterson to clarify whether her claim of discrimination was brought under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, the PHRA, Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., or some other law.

The motion was granted and Patterson was directed to file an amended complaint. She then filed an item consisting of 196 numbered paragraphs, App. 33-51, which we will refer to as the amended complaint, in which she indicated at ¶¶ 186-88 and 191 that she was discriminated against in violation of § 5 of the Pennsylvania Human Relations Act on account of her perceived disabilities of Hydrocephalus, Epilepsy, and Post-Concussion Syndrome. At ¶¶ 121-23, Patterson described a sexual relationship with her supervisor, and at ¶ 136, she stated that he had threatened to discipline her for unsatisfactory performance, but there was no mention of Title VII itself.

The OIG moved to dismiss the amended complaint on the basis of the Eleventh Amendment, a motion which Patterson opposed in writing. Her written opposition did not, however, address the OIG's immunity argument. In an order entered on August 23, 2006, the Magistrate Judge dismissed the amended complaint under Federal Rule of Civil Procedure 12(b)(6), reasoning that a suit against the OIG for violating the state Human

Relations Act was barred by the Eleventh Amendment.[1]  Patterson appeals.

We will affirm.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our standard of review is plenary.  See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  The Eleventh Amendment precludes suits against a state in federal court by citizens of that state or other states.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).  A state may consent to a suit against it in federal court and thereby waive its immunity, but Pennsylvania has not done so, having specifically withheld consent, 42 Pa. Cons. Stat. Ann. § 8521(b).  Therefore, Patterson's suit against the OIG under the state Human Relations Act may only be brought in state court.  See Mansfield State College v. Kovich, 407 A.2d 1387, 1388 (Pa. Commw. Ct. 1979).

Patterson has argued in her brief on appeal that Congress abrogated the states' Eleventh Amendment immunity in passing Title VII of the Civil Rights Act, and that the Magistrate Judge should have allowed her to amend her complaint to "more fully explain the discriminatory pattern due to her gender and perceived disability."  (Appellant's Brief, at 25.)  However, a suit under Title I of the Americans with Disabilities Act would also have been barred by the Eleventh Amendment.  See Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001).  In addition, although it is true that Congress abrogated the states' Eleventh Amendment immunity in passing Title VII, see Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), Patterson was not prevented from amending her

---

[1] The parties consented to proceed before a Magistrate Judge, 28 U.S.C. § 636(c)(1).

complaint as of right under Federal Rule of Civil Procedure 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."), in response to the OIG's motion to dismiss if it was in fact her intention to pursue a Title VII claim for gender discrimination, 42 U.S.C. § 2000e-2(a)(1), based on an incident or incidents of sexual harassment.

We will affirm the order of the District Court dismissing the amended complaint.